**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-41269
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-428-ALL

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Felipe Rodriguez pleaded guilty to possession with the intent to distribute five grams or more of cocaine base, while reserving the right to appeal the district court's denial of his motion to suppress the evidence obtained following a search conducted pursuant to a search warrant.

On appeal, Rodriguez argues that the district court erred in denying the motion to suppress evidence because the affidavit was "bare bones." Rodriguez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that it is unclear from the affidavit when the confidential informant (CI) saw the cocaine in the apartment, why the CI would recognize cocaine if he saw it, or what the substance looked like "so that the magistrate could judge for himself." Rodriguez also challenges the affidavit's failure to explain the reason for the CI's presence in the apartment, the CI's failure to provide a detailed identification of Rodriguez, and the officers' failure to corroborate independently the information in the affidavit.

In reviewing a district court's denial of a motion to suppress, this court first determines whether the evidence at issue was obtained by law enforcement officials acting in "objectively reasonable good-faith reliance upon a search warrant." *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997) (citation omitted). We review "the district court's factual findings . . . for clear error, and its legal conclusions . . . de novo." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). As relevant here, an officer's reliance on the warrant is not objectively reasonable and, therefore, not entitled to the good-faith exception to the exclusionary rule if the underlying affidavit is "bare bones" ("so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable") or the warrant is so "facially deficient" in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. *See United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (citation omitted), *cert. denied*, 549 U.S. 1234 (2007).

In the instant case, Rodriguez's challenge to the time frame of the CI's information offers no more than a possible contrary interpretation of the phrasing of the affidavit, insufficient to show clear error in the district court's finding as to the meaning of the affidavit. *See United States v. Outlaw*, 319 F.3d 701, 703-04 (5th Cir. 2003). Rodriguez's argument that the information provided by the CI was too vague to support the search similarly fails. The CI indicated that he had been in the specific apartment for which the search warrant was sought, that he had seen a usable amount of a specific narcotic in the apartment,

and that the apartment was controlled by an individual whom he described as follows: "a medium complexion Hispanic male by the name of Felipe (AKA Kitty) approximately 25 to 30 years old and weighs approximately 200 lbs, approximately 5'8" tall and b[a]l[d]." Under the totality of the circumstances, the information provided by the CI was credible and sufficiently specific for the officer's reliance on it as a basis for the warrant. *See United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992). This information and the warrant were sufficiently specific to render the warrant facially valid. *See Mack v. City of Abilene*, 461 F.3d 547, 551 (5th Cir. 2006) (holding warrant facially valid where affiant set out facts indicating the veracity and reliability of the CI, as well as a specific statement of the knowledge obtained from the CI). As to the CI's credibility, the officer's statement that he knew the CI had "provided information to be truthful, reliable, and trustworthy" indicated that the officer was familiar with the CI and the CI's prior information, and that he knew the CI's information had been correct in the past. This is sufficient to establish the CI's credibility. *See United States v. McKnight*, 953 F.2d 898, 905 (5th Cir. 1992).

Rodriguez has failed to show that the warrant was "bare bones" or facially invalid and, therefore, that the district court erred in concluding that the good faith exception to the exclusionary rule applied and in denying Rodriguez's motion to suppress. *See Shugart*, 117 F.3d at 843-44. The decision of the district court is AFFIRMED.